## DUBIES v N Y LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 9879. Decided November 25, 1929

Messrs. Lurie, Addams & Burke, Cleveland, for Dubies.

Messrs. Garfield, Cross, MacGregor & Baldwin, Cleveland, for Life Ins Co.

## PER CURIAM

Sec. **9391 GC.** is quite explicit to the effect that answers to interrogatories made by an applicant are not deemed material, even if false, unless it be clearly proved that such answer is wilfully false, was fraudulently made, that it is material and induced the company to issue the policy, and that but for such answer the policy would not have been issued.

The evidence introduced in behalf of the plaintiff tends to show that he was engaged in the garage business and that to all appearances he was in good health. It also tends to show his inability to understand the English language.

The question to be submitted to the jury would be whether he believed himself in good health at the time he made the application and also whether he understood the questions found in the application when he signed the same.

As to whether he was, in point of fact, in good health, we have the certificate of Dr. Rosenberg which was issued May 15, 1927, reading as follows:

"This is to certify that Mr. Steve Dubies, 11424 Buckeye Road, has been under my care since October 6, 1926 and that he was never sick before, except in 1923 when he suffered from a fractured arm due to cranking a machine.
E. Rosenberg,
May 15, 1927."

It is true that the doctor in substance stated that he gave the certificate merely out of sympathy and that what he stated was not a fact, yet the question arises as to which statement of the doctor was the true statement.

We have also the direct and cross-examination of Dr. Albert Pfeffer, a witness in behalf of defendant in which he said:

"About his physical condition. Why, his general appearance looked to be healthy. He was not ruptured; he was not lame; he was not deformed in any way. The pulse was seventy two and it looked normal. The blood pressure was one hundred and thirty, over ninety, which is normal finding. His age is forty-three and he looked just about that age, he didn't look older or didn't look much younger. His height was five feet and a half inches, the weight looked to be about one hundred and fifty pounds, and the measurements were about thirty-six inches."
On cross examination he was asked:
Q. "His lungs seemed all right to you?
A "Yes, at the time, certainly did."

There is evidence in the record, in our opinion, to be submitted to the jury on the question of whether or not he was in good health at the time he made his application. Great stress is laid upon the fact that the answer to certain questions found in the application were undoubtedly false as follows:

"To the question: Have you consulted a physician for or suffered any ailment or disease of ... heart, blood vessels or lungs? to which it is alleged that Steven Dubics gave the answer no."

"To the question: Have you consulted a physician for any ailment or disease not included in your above answer? to which it it is alleged that Steven Dubics gave the answer 'no.'"

To the question: "What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years? to which it is alleged Steven Dubics gave the answer 'none' there being no reference to any other physician in any of his answers."

Before the false answers, if the same be relied upon as a defense, could bar the action, it would have to be made to appear that he made those answers wilfully and fraudulently. In view of the debatable question found in the record as to the ability of the deceased to understand the English language, it becomes an issuable question. Likewise the ultimate answer to the question as to whether same is material, is a question which the jury under proper instructions must pass upon.

There are many instances of persons who were attended by physicians in the past and nevertheless were accepted as insurable risks. It is quite true that the stronger probabilities are with the insurance company but under the scintilla rule still prevailing in Ohio the court is bound to submit a case to the jury when a scintilla is presented, even though the probabilities are so strong in favor of the defendant as to compel after the verdict for the plaintiff, the granting of a new trial by the court. We hold that there is a scintilla of evidence in this case and that the court committed error in taking the same from the jury.

Vickery, PJ., Levine and Sullivan, JJ., concur.